IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN DOE subscriber assigned IP<br>address 50.174.0.6,<br><br>    Defendant.<br>                                             / | No. C 16-05825 WHA<br><br>**ORDER GRANTING *EX PARTE*<br>MOTION FOR LEAVE TO SERVE<br>THIRD-PARTY SUBPOENA PRIOR<br>TO RULE 26(f) CONFERENCE** |

Plaintiff, Malibu Media, LLC, alleges that it owns registered copyrights in various pornographic films and that John Doe defendant directly infringed those copyrights by distributing the films on the Internet using the above-captioned IP address. Malibu Media now seeks leave to serve a subpoena on third-party Comcast Cable Communications, LLC, in order to ascertain the identity of the subscriber using that IP address prior to a Rule 26(f) conference.

Malibu Media's motion is hereby **GRANTED**. This is without prejudice to any motions to quash or modify the subpoena that may be filed by any interested party, including Comcast or the subscriber assigned to the IP address. Furthermore, the following limitations apply:

- The subpoena shall only request the actual name and address of the subscriber to whom Comcast assigned the above-captioned IP address.

- The subpoena shall only seek the name and address of the subscriber for the time frame from **FOURTEEN DAYS BEFORE** the date of the first alleged infringing act to **FOURTEEN DAYS AFTER** the date of the last alleged infringing act.

- Malibu Media shall attach a copy of this order to the subpoena.

- Malibu Media may not use any information disclosed by Comcast for any purpose other than protecting its rights as set forth in the complaint.

- Comcast shall, in turn, serve a copy of the subpoena and a copy of this order on the subscriber within **TWENTY-FOUR DAYS** of the date of service on Comcast.

- The return date on the subpoena shall be no less than **FORTY-FIVE DAYS** from the date of service on Comcast.  Comcast shall not disclose any identifying information about defendant to Malibu Media prior to the return date or, if a motion to quash or modify the subpoena is filed, prior to the resolution of any motions to quash or modify the subpoena. Malibu Media must inform Comcast if any such motion is filed.

- Malibu Media shall not disclose defendant's name, address, telephone number, email, social media username, or any other identifying information, other than defendant's IP address, that it may subsequently learn.  All documents including defendant's identifying information, apart from his or her IP address, shall be filed under seal, with all such information redacted on the public docket, unless and until the Court orders otherwise and only after defendant has had an opportunity to challenge the disclosure of any identifying information.  Malibu Media explicitly consented to the inclusion of such a protection in its motion.

- Unless otherwise provided, both sides may file under seal any of defendant's identifying information pursuant to this order, without seeking further leave to file under seal.  A version with all identifying information redacted shall be filed on the public docket.

- Malibu Media must seek leave to serve subpoenas on any other Internet service provider besides Comcast in this matter.

- Malibu Media shall have **THIRTY-FIVE DAYS** from the date on which it receives defendant's identifying information from Comcast (or, if later, until the deadline set by Rule 4(m)).  Any requests to extend that deadline shall be made immediately as circumstances justifying the extension arise, rather than at the last minute.  Malibu Media must support any assertion that defendant is dodging service with an affidavit of non-service (to be filed under seal, with defendant's identifying information redacted on the public docket).  Malibu Media shall please file a notice informing the Court of the date on which it received defendant's identifying information no later than **FIVE CALENDAR DAYS** after receiving that information.

- If Malibu Media learns, whether through subpoena response or other communication, that defendant's IP address was assigned to a physical address outside this district, it shall, within **21 CALENDAR DAYS** from the date on which it learned that information, dismiss the action or **SHOW CAUSE** why it should not be dismissed.

2

Any motions relating to the subpoena or the protective order discussed above shall be filed prior to the return date of the subpoena.

**IT IS SO ORDERED.**

Dated: February 1, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE